IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL PAUL PATTERSON, <br><br> Plaintiff, <br><br> vs. <br><br> FINGERHUT DIRECT MARKETING, <br><br> Defendant. | CV 12-52-M-DLC-JCL <br><br> FINDINGS & RECOMMENDATION |

Pro se plaintiff Michael Patterson ("Patterson") commenced this action against Bluestem Brands, Inc. d/b/a Fingerhut Direct Marketing ("Bluestem"),[1] alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681 et seq. Patterson claims that Bluestem accessed his credit report without proper authorization in violation of § 1682(b) of the FCRA. Dkt. 1. Bluestem has moved for summary judgment on the ground that it had the authority to access Patterson's credit report for the purpose of making him a firm offer of credit. For the reasons set forth below, Bluestem's motion should be granted and this action should be summarily dismissed.

---

[1] Although Patterson has identified Fingerhut as the sole defendant, Bluestem Brands, Inc. affirmatively asserts that because Fingerhut has been dissolved, it is the proper party. Dkt. 35, at 1.

1

## I. Background

Bluestem routinely accesses limited credit reports for the purpose of making firm offers of credit to consumers. Dkt. 35-1, ¶ 3. In September 2010, Bluestem made a "Prescreen Inquiry" and accessed limited credit information regarding Patterson. Dkt. 35; 35-1, ¶ 4. Upon receipt of that information, Bluestem sent Patterson a firm offer of credit in the form of a catalog mailing. Dkt. 35-1, ¶ 5. The offer advised Patterson that he could "choose to stop receiving 'prescreened' offers of credit" from Bluestem and other companies by calling a toll-free telephone number. Dkt. 35-1, ¶ 7. Patterson did not accept Bluestem's offer of credit, as reflected by the fact that Bluestem does not have, and never has had, a credit account number under his name. Dkt. 35, ¶ 9.

In July 2011, Patterson requested a copy of his credit report from TransUnion Credit and learned that Bluestem had obtained his name, address, and other limited information for the purpose of making him a firm offer of credit. Dkt. 1. On Patterson's subsequent inquiry, Bluestem sent him a letter explaining the basis for its access to his limited credit report information. Dkt. 35-1, ¶ 8.

Patterson filed this suit in April 2012, alleging that Bluestem accessed his credit report without proper authorization in violation of § 1682(b) of the FCRA.

Bluestem moves for summary judgment on the ground that it had authority under the FCRA to access Patterson's credit report for the purpose of making him a firm offer of credit.

## II. Summary Judgment Standards

Under Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986). Once the moving party has satisfied his burden, he is entitled to summary judgment if the non-moving party fails to designate by affidavits, depositions, answers to interrogatories or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).

In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

In general, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986). This means that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 576 (9th Cir. 1987). Nevertheless, in the summary judgment context, courts are to construe pro se documents liberally and give pro litigants the benefit of any doubt. *Erickson v. Pardus* 551 U.S. 89, 94 (2007); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999).

Bluestem filed its summary judgment motion on August 2, 2013. Pursuant to Local Rule 7.1(d)(1)(B), Patterson's response to the motion was thus due on or before August 23, 2013. As of the date of these Findings and Recommendation, however, Patterson has not filed any response to Bluestem's motion. Local Rule 7.1(d)(1)(B) provides that a "failure to file a response brief may be deemed an admission that the motion is well-taken." But the Ninth Circuit has made clear that a district court may not grant "summary judgment simply because a party fails to file an opposition or violates a local rule" and must "analyze the record to determine whether any disputed material fact [is] present." *Ahanchian v. Xenon Pictures,* Inc., 624 F.3d 1253, 1258 (9th Cir. 2010). *See also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) ("a nonmoving party's failure to comply with

4

local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitled to judgment as a matter of law.")

Bearing these principles in mind, the Court turns now to the question of whether Bluestem has met its summary judgment burden of showing that there are no material issues of fact and that it is entitled to judgment as a matter of law.

## III. Discussion

The general purpose of the FCRA is "to preserve consumer privacy in the information maintained by consumer reporting agencies." *Poehl v. Countrywide Home Loans*, 464 F.Supp.2d 882, 883 (E.D. Mo. 2006) (*citing* 15 U.S.C. § 1681(a)(4)). The FCRA thus delineates the specific "purposes for which a consumer reporting agency may release credit reports, and prohibits other releases." *Poehl*, 464 F.Supp.2d at 883 (*citing* 15 U.S.C. § 1681b(a)). While most of the permissible purposes require authorization from the consumer, there are certain exceptions. *Poehl*, 464 F.Supp.2d at 883.

One of those statutory exceptions allows a consumer reporting agency to furnish credit reports without any initiation by the consumer in connection with credit transactions so long as "the transaction consists of a firm offer of credit" and the consumer has not elected to have his "name and address excluded from the lists of names provided by the agency..." 15 U.S.C. § 1681b(c)(1)(B). The FCRA defines a "firm offer of credit" as "any offer of credit or insurance to a consumer

that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(l).

The FCRA provides that consumers may choose to not receive such "firm offers of credit" by following certain specified procedures. In particular, the FCRA provides:

> [a] consumer may elect to have the consumer's name and address excluded from any list provided by a consumer reporting agency under subsection (c)(1)(B) of this section in connection with a credit or insurance transaction that is not initiated by the consumer, by notifying the agency in accordance with paragraph (2) that the consumer does not consent to any use of a consumer report relating to the consumer in connection with any credit or insurance transaction that is not initiated by the consumer.

15 U.S.C. § 1681b(e).

Here, Bluestem has come forward with evidence that it made Patterson a firm offer of credit, and Patterson did not take the steps necessary to elect to have his name excluded from any list provided by the agency in connection with such credit transactions. Patterson has not come forward with any evidence or argument to the contrary. The undisputed evidence shows Bluestem received limited credit information on Patterson as allowed under § 1681b(c)(1)(B), provided him with a firm offer of credit, and indicated that he could opt out of receiving such offers by calling a toll-free phone number. In doing so, Bluestem

complied with the requirements of the FCRA, and Patterson's claims fail as a matter of law.

## IV. Conclusion

For all of the above reasons, the Court concludes that Bluestem has met its initial burden as the party moving for summary judgment of showing that there are no material issues of fact and that it is entitled to judgment as a matter of law. Because Bluestem has thus satisfied its burden of production and Patterson has failed to respond,

IT IS RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED.

DATED this 10th day of September, 2013.

_____
Jeremiah C. Lynch
United States Magistrate Judge